LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
Attorneys for Defendant
MSC MEDITERRANEAN SHIPPING COMPANY, S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br><br>                              Plaintiff,<br><br>     -against-<br><br>MEDITERRANEAN SHIPPING COMPANY S.A., COSMIC LOGISTICS INC, HECNY SHIPPING, LIMITED, INTERGLOBO NORTH AMERICA, INC., CNS EXPRESS INC., LIMITED, ALBATRANS, INC.,  and PHOENIX INTERNATIONAL FREIGHT SERVICES, LTD.,<br><br>                              Defendants. | <u>ECF CASE</u><br><br><br><br>13 Civ. 7644 (DAB)<br><br><br><u>ANSWER TO COMPLAINT</u> |

Defendant MSC MEDITERRANEAN SHIPPING COMPANY, S.A. ("MSC"), sued incorrectly as MEDITERRANEAN SHIPPING COMPANY S.A., by its attorneys, Lyons & Flood, LLP, answering plaintiff HARTFORD FIRE INSURANCE COMPANY 's ("HARTFORD") Complaint, alleges upon information and belief as follows:

1. Admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, but except as so specifically admitted, denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Admits that MSC is a corporation organized and existing under the laws of Switzerland, and is and was at all relevant times a common carrier by water for hire, and that it has an agent, Mediterranean Shipping Company (USA) Inc., at 420 Fifth Avenue, 8th Floor, New York, N.Y. 10018, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Denies the allegations contained in Paragraph 12 of the Complaint.

13. Denies the allegations contained in Paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

17. The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

18. Plaintiff is not a real party in interest and has no standing to maintain this action.

### THIRD AFFIRMATIVE DEFENSE

19. If any losses or damages were sustained by the shipment referred to in the Complaint, which is denied, such losses or damages occurred, were caused by, or contributed to by the plaintiff or third-parties outside of MSC's control, and not by MSC.

### FOURTH AFFIRMATIVE DEFENSE

20. The shipments which are the subject of this suit were carried pursuant to the terms and conditions of a certain bill of lading, and tariffs by which the shipper, owner, consignee, and holder of said bill of lading agreed to be bound, and were also subject to the Carriage of Goods by Sea Act, 46 U.S.C. § 30701, et seq., and/or the Harter Act, 46 U.S.C. § 30701, et seq., and defendant MSC claims the benefits of all rights, immunities, exonerations, and limitations contained therein.

### FIFTH AFFIRMATIVE DEFENSE

21. If any losses or damages were sustained by the shipment referred to in the Complaint, which is denied, such losses or damages occurred, were caused by, or contributed to by an Act of God which was unavoidable and outside of MSC's control.

## SIXTH AFFIRMATIVE DEFENSE

22.     Due diligence was used to make the carrying vessel seaworthy and to secure that it was properly manned, equipped, and supplied, and to make the holds and other parts of the vessel in which the shipment was carried safe and fit for its reception, in accordance with the subject bill of lading.  Accordingly, if the shipment sustained any loss or damage due to any unseaworthiness of the vessel, which is denied, MSC is not liable for said loss or damage.

## SEVENTH AFFIRMATIVE DEFENSE

23.     Plaintiff has failed to mitigate its damages.

**WHEREFORE**, defendant MSC prays:

a.      for judgment dismissing plaintiff's Complaint; and

b.      that judgment be entered in favor of MSC for such other and further relief as the Court deems just and proper.

Dated: December 6, 2013
       New York, New York

                              LYONS & FLOOD, LLP
                              Attorneys for Defendant
                              MSC MEDITERRANEAN SHIPPING
                              COMPANY S.A.

By:  _____
     Edward P. Flood
     Lyons & Flood, LLP
     65 West 36th Street, 7th Floor
     New York, New York 10018
     (212) 594-2400

TO:   BADIAK & WILL, LLP
      Attorneys for Plaintiff
      106 3rd Street
      Mineola, New York 11501

      Attn:   James P. Krauzlis, Esq.

U:\FLOODDOC\2549219\Legal\Answer.doc

**CERTIFICATE OF SERVICE**

    Erika Tax, an employee of Lyons & Flood, affirms on this 6th day of December 2013, that she electronically filed the foregoing with the Clerk of the Court for the Southern District of New York by using the CM/ECF system, and that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                         _____
                                                           Erika Tax

U:\FLOODDOC\2549219\Legal\Answer.doc